UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22457-CIV-MORENO/TORRES

BERNARDETTE JEAN JULIEN,
VICENTE DUNBAR,

    Plaintiffs,

vs.

"M/V PACIFIC II," *in rem*, and PACIFIC SHIPPING CORPORATION, a foreign corporation,

    Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on various pending motions in the case that are now ripe for disposition, which have been referred for disposition [D.E. 47]. A plenary evidentiary hearing on these and other motions was held on March 18, 2010. The Court has considered the motions, respective responses and replies, as well as various supplemental filings of the parties and interested non-parties to this maritime action, together with arguments of counsel and evidence taken at an evidentiary hearing on the pending motions. Accordingly, it hereby **ORDERED AND ADJUDGED** as follows:

    1.    Defendants' Motions for Hearing and to Determine Bond [D.E. 32, 34, 51] are **GRANTED**. A hearing on the issue of the sale of the vessel and the setting of bond was held as stated above. The Court has reviewed the exhibits in the record and provided to the Court at the evidentiary hearing. The Court has also considered the credibility of the witnesses who

testified. Pursuant to the record evidence, the Court finds that a special bond in the amount of $100,000 must be posted to obtain discharge of the vessel and forestall its interlocutory sale.

Rule E(5)(a) governs the procedure for releasing the vessel on bond. Rule E(5)(a) provides that whenever "a maritime attachment is issued, the execution of such process shall be stayed, and the property released, on the giving of security to be approved by the Court of Clerk." In the event that the parties cannot agree on the amount of the bond, the Rule adds:

> the Court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisment, whichever is smaller.

This operative Rule for special bonds does not offer further guidance as to the amount that the Court must set. The Court clearly has discretion in this regard to determine what the "reasonable value" of the claim is. *See 20th Century Fox Film Corp. v. M/V Ship Agencies, Inc.,* 992 F. Supp. 1429, 1431 (M.D. Fla. 1997); *Barnett Bank, N.A. v. Tug Chauncey,* 1999 WL 1044822, *3 (M.D. Fla. 1999).

The first argument raised as part of the motion to determine a bond is that the Court has no admiralty jurisdiction because the contract at issue for the charter of a vessel to Haiti was an executory contract under an agreement for charter, which never materialized. Therefore, there is no admiralty jurisdiction over Plaintiff Julien's claim. That same argument, however, was presented to the Court on Defendant's Motion to Dismiss, which Judge Moreno denied on October 8, 2009 [D.E. 31]. At least at this stage of the proceedings, no adequate showing has been made why the Court should undermine that ruling on this record.

Second, turning to the merits of Defendant's argument, based upon the Plaintiff's testimony at the evidentiary hearing a prima facie case has been made that admiralty jurisdiction exists because the verbal agreement in question is not a charter agreement, but instead amounts to time charter agreement to use the vessel for a specific period of time. *See generally Navieros Inter-Americans v. M/V Vasilia Express,* 120 F.3d 304, 312-13 (1st Cir. 1997); *E.A.S.T., Inc. of Stamford, Conn. v. M/V Alaia,* 876 F.2d 1168, 1176 (5rh Cir. 1989). Though the testimony at the hearing was not entirely unambiguous, the Court finds that the weight of the testimony presented by Plaintiff supports the conclusion that she contracted the vessel for a specific period of time, for one particular voyage to and from Haiti, through which she would make separate arrangements for the loading of the vessel by a separate charter company. She was only contracting for the vessel, its crew, and the necessaries for the voyage.

She further testified that after making an advance payment for the vessel, and after incurring dockage fees but before she her cargo could be loaded on board, Defendant began performance under the contract by at least purporting to present the vessel for loading and moving it from its original dock. At that point she then advanced another sum for tugs, pilot and agency fees (which would normally be incurred by a charter under a charter agreement). Only then, according to Plaintiff, was she denied possession of the vessel, resulting in additional damages. For purposes of this matter only, the Court finds her testimony to be credible on a prima facie basis standard, which results in a finding that this arrangement is effectively a time charter agreement that Defendant began to perform. As a result, the contract in dispute is not an executory contract, and admiralty jurisdiction can attach the vessel on the contract's breach. Having reached that conclusion, again preliminarily on this limited record, there is a prima facie basis in this record to find that admiralty jurisdiction

exists. *See, e.g., Bank One, Louisiana N.A. v. Mr. Dean M/V,* 293 F.3d 830, 835 (5th Cir. 2002).

Third, based on the evidence presented, the Court finds that the reasonable value of both Plaintiffs' claims, for purposes of setting a special bond, is based on the following claims of damage, which was generally supported by Plaintiff's testimony at the hearing:

| | | |
|---|---|---:|
| a) | Monies paid under contract to or on behalf of Owner | $ 39,050 |
| b) | Profit lost on voyage | 30,000 |
| c) | Expense to protect cargo with tarps | 1,600 |
| d) | Additional storage expenses | 6,000 |
| e) | Dock labor | 4,300 |
| f) | Dockage charges | 4,600 |
| g) | lost profit and lost cargo | 30,000 |
| h) | Dunbar claim for back wages | 8,000 |
| | TOTAL for Plaintiff's Claims | $123,500 |

In addition the Plaintiff's requested damages as the amount necessary to fix a special bond, the custodian, River Terminal Services, requested at the hearing that the Court increase the amount of the bond by the amount of unpaid custodian fees incurred to date pursuant to the Court's attachment Order. That Order set a fee of $4.00 per foot for the cost of storage of the vessel. River Terminal requests that the amount incurred to date, which has not been paid by Defendants, be included in the bond amount.

The Court has found authority that custodial fees that may be incurred by a Plaintiff may be included in the amount of bond set. *See, e.g., Barnett Bank, supra,* at *3-4. That is the case even though the custodian's interests are already secured primarily through the

4

attachment Order that deems the custodian's fee to be a first charge on the vessel for administrative fees that must first be paid from any distribution arising from the sale or release of the vessel. Notably, there is a pending dispute as to the amount of the custodian fee. *See* Motion to Determine Reasonableness of Custodian Fee [D.E. 62].

Based on the record presented, the Court will add an additional $100,000 to the amount of the special bond as further security for the custodian in the event that the vessel is released. This will ensure reasonable payment to the custodian of a minimally reasonable fee for the time the vessel has been in its custody. The entry of this Order as to bond is not intended to be dispositive of any final payment that is owed to the custodian upon the sale or discharge of the vessel. For a determination of bond, such amount is reasonable to fairly state the amount necessary to begin to make the custodian whole upon the release of the vessel.

Accordingly, the pending Motion is Granted and a bond will be Ordered in the amount of $223,500.

2. Defendant's Motion for Rule to Show Cause or to Compel [D.E. 53] is **GRANTED**. Plaintiffs concede that they did not appear for deposition as noticed, claiming that they were entitled to obtain documents from Defendant as a precondition for proceeding with their depositions. The Rules of Civil Procedure are clear that the time of discovery by one party *is not* contingent on another party's pursuit or response to discovery. Therefore, without agreement or a protective order, these depositions should have proceeded. Accordingly, Plaintiffs shall be made available to Defendant no later than May 20, 2010, at a time convenient to counsel within that time frame. No sanctions will be imposed on the motion unless this Order is not fully complied with by Plaintiffs.

3. Defendant's Motion to Determine Reasonableness of Custodial Fee [D.E. 62] is **DENIED** as moot given the Court's entry of an Order of Sale which, when executed, shall cut off any further custodian costs. The denial of this motion is without prejudice to Defendant's request upon sale and distribution of proceeds to reduce the administrative fee owed to the custodian, if necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of May, 2010.

EDWIN G. TORRES
United States Magistrate Judge