UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22457-CIV-MORENO/TORRES

BERNARDETTE JEAN JULIEN,
VICENTE DUNBAR,

    Plaintiffs,

vs.

"M/V PACIFIC II," *in rem*, and PACIFIC SHIPPING CORPORATION, a foreign corporation,

    Defendants.
_____/

## ORDER

This matter is before the Court on two related motions following the entry of this Court's Omnibus Order [D.E. 80]: Plaintiffs' Emergency Motion for Clarification and/or Reconsideration [D.E. 85], and River Terminal Service's Emergency Motion of Reconsideration of Omnibus Order [D.E. 87]. Upon review of these motions, the expedited response, and Plaintiffs' reply, the motions are ripe for disposition. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the pending motions are **GRANTED IN PART and DENIED IN PART** as follows.

    1.    Plaintiffs' Motion for Clarification with respect to the scrivener's error in the Omnibus Order is Granted. The Court erroneously referenced a $100,000 special bond on page two of the Order that should, instead, have referred to the $223,500 special bond adjudged in the body of the Order. The Court's Omnibus Order, as

originally intended, would have required a total special bond in that latter amount to obtain discharge of the vessel and forestall a scheduled interlocutory sale.

2. Assuming that to be the case, the motions for reconsideration then ask that the Court increase the amount of the special bond based upon claims for attorneys' fees to Plaintiffs' counsel and the custodian's total outstanding invoice. The Court's special bond included a minimum amount to cover the custodian's expenses. As explained in the Order, a special bond in this situation is not necessary to protect the custodian's right to payment for its services based upon the Court's Order appointing the custodian. Nevertheless, the Court included some initial portion of the custodian's fee in arriving at a special bond amount.

3. As the Court's Order tried to make clear, the inclusion of an initial sum to cover the custodian's expenses was not intended to be dispositive of the issue as to the Defendants' challenge to the amount claimed by the custodian in the case. Nevertheless, given the Defendants' stated intent to post the bond and obtain the return of the vessel, and the Plaintiffs' and custodian's vehement objections, resolution of this issue cannot be delayed any longer. The Court will thus grant the motions for reconsideration in part. The special bond previously adjudicated shall remain in place, but the immediate posting of the bond will forestall the imminent sale of the vessel as Ordered by the Court, but will *not* entitle Defendants to discharge of the vessel pending further Order of the Court.

3. The Court will also set the matter of the custodian's fee for an evidentiary hearing, set for June 9, 2010, at 9:30 a.m., Courtroom 4, Atkins Courthouse, Miami,

Florida, at which the custodian shall provide all necessary testimony to establish the reasonableness of the custodian fee requested, and Defendants may also introduce testimony supporting their objections to the custodian's fee. The Court will resolve that question prior to the entry of an Order of discharge of the vessel.

4. The motions for reconsideration are Denied to the extent that they request an immediate increase in the special bond amount. The bond set by the Court's Omnibus Order is clearly sufficient to cover all of Plaintiffs' stated claims in the case. The motions are also Denied to the extent that they challenge the entry of the Omnibus Order by this Court. The rulings issued by the Omnibus Order are all clearly non-dispositive, and fall well within the Court's Order of Reference.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of May, 2010.

EDWIN G. TORRES
United States Magistrate Judge