<strong>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA</strong>

Case No. 09-22457-CIV-MORENO/TORRES

BERNARDETTE JEAN JULIEN,
VICENTE DUNBAR,

      Plaintiffs,

vs.

"M/V PACIFIC II," *in rem*, and PACIFIC SHIPPING CORPORATION, a foreign corporation,

      Defendants.

_____/

## <u>ORDER</u>

This matter is before the Court on two pending motions: Plaintiffs' Motion to Strike Answer [D.E. 82], and Defendant's Motion for Confirmation of Cancellation of Sale [D.E. 99]. Upon review of these motions, the motions are ripe for disposition. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Strike Answer is **DENIED**. The motion seeks to sanction Defendant for its failure to comply with the Court's Order referring the parties to mediation by no later than May 7, 2010. Plaintiffs claim that Defendant would not cooperate in scheduling the mediation by that date. Defendant responded, arguing that it was Plaintiffs who were dragging their feet and failed to timely schedule the mediation.

The Court's review of the record on this matter shows that all parties have not diligently complied with this Court's Order requiring mediation by a date certain. The fact is, however, that Plaintiffs are duty bound to schedule a mediation under the Court's Rules, S.D. Fla. Local R. 16.2(d)(2). Plaintiffs' efforts at timely doing so in compliance with the Court's Order were meager, at best. Thus, even if Defendant contributed to the problem Plaintiffs' own failings would support the Court granting a dismissal of all claims in the action, not just striking the Defendant's answer. At the very least, this motion should have been filed in a more timely basis if indeed Defendant was not complying with its obligations.

The draconian relief sought in the pending motion is thus not warranted, and would not be warranted even if the Court agreed with Plaintiff that Defendant was primarily responsible for the parties' violation of the Court's Order. Moreover, we recognize that the present dispute regarding the custodian's expenses makes a settlement at mediation more difficult. Consequently, no sanctions will be entered at this time against any party. Given the continuance of the trial date in the case [D.E. 104], and the scheduling of a hearing on the custodian's expenses, the Court will grant the parties additional time to cure the problem they all contributed to.

Therefore, the parties shall complete mediation in this case no later than July 23, 2010. The failure to complete mediation by that date may result in the striking of all parties' pleadings in the case. Plaintiffs are obligated to strictly comply with this Order, as per Rule 16.2(d)(2).

2.	Defendant's Motion for Confirmation of Cancellation of Sale [D.E. 99]is **DENIED** as moot following the Marshal's Return of Order of Sale [D.E. 103] that documents the cancellation of the sale.

**DONE AND ORDERED** in Chambers at Miami, Florida this <u>4th</u>  day of June, 2010.

_____
EDWIN G. TORRES
United States Magistrate Judge